# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

GEORGE WALTER KIRKLAND,

  Petitioner,

v.  :  CIVIL ACTION NO.: CV614-080

BRUCE CHATMAN, Warden,
and THE STATE OF GEORGIA,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner George Kirkland ("Kirkland"), who is currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions and sentences obtained in Emanuel County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Kirkland did not file a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Kirkland was convicted in the Emanuel County, Georgia, Superior Court after he pled guilty but mentally ill to voluntary manslaughter and possession of a firearm during the commission of a crime. (Doc. No. 11, p. 1; Doc. No. 7, p. 1). Kirkland was sentenced to 25 years' imprisonment. (Doc. No. 7, p. 1). Kirkland did not file an appeal.

In this petition, which was filed on July 16, 2014, in the Middle District of Georgia and then transferred to this Court, Kirkland asserts: 1) he is "mental health (sic) and had a evaluation (sic) in Augusta at Georgia Regional. They found me incompetent. This was before I went to Court." (doc. no. 7, p. 5); 2) his guilty plea was entered into under the threat of worse punishment; 3) his lawyer was ineffective because he took Kirkland's money and did not do his job; 4) the trial court lacked jurisdiction; and 5) he thought he was going to be able to plead guilty to involuntary manslaughter, but he was given voluntary manslaughter instead.

Respondent contends that Kirkland failed to exhaust his available state remedies before he filed his federal habeas petition. In fact, Respondent contends that Kirkland filed a petition for writ of habeas corpus in the Butts County, Georgia, Superior Court on September 8, 2014, which was after he filed this petition.

## DISCUSSION AND CITATION TO AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held

that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has

AO 72A
(Rev. 8/82)

unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Kirkland has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia. Kirkland filed a petition for writ of habeas corpus in the Butts County Superior Court on September 8, 2014, and he raises the same issues in that petition as he does in his federal petition. (Doc. No. 10, pp. 7–13). Kirkland failed to exhaust his available state remedies prior to filing this petition, and his petition should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Kirkland's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, based on Kirkland's failure to exhaust his available state remedies.

**SO REPORTED** and **RECOMMENDED**, this 30th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)